# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALARCON,<br><br>                                  Plaintiff,<br>  vs.<br>VITAL RECOVERY SERVICES, INC., et al.,<br><br>                                Defendants. | CASE NO. 15cv992-LAB (KSC)<br><br>**ORDER ON MOTION TO COMPEL ARBITRATION** |

Through this case, Christopher Alarcon challenges debt collection activities by Vital Recovery Services, Inc. and Galaxy Asset Purchasing, LLC. (Dkt. no. 1.) Vital and Galaxy have moved to compel arbitration. (Dkt. no. 9.)

**I.    Background**

Alarcon and Beneficial California, Inc. entered into a consumer loan agreement and an arbitration rider with the following language:

> This Arbitration Rider is signed as part of Your Agreement with Lender and is made a part of that Agreement. By signing this Arbitration Rider, you agree that either Lender or you may request that any claim, dispute or controversy (whether based on contract, tort, intentional or otherwise, constitution, statute, common law or equity, and whether pre-existing, present or future), including initial claims, counter-claims, cross-claims, and third party claims, arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability of this arbitration clause, any part thereof or the entire Agreement ("Claim") shall be resolved, upon the election of you or us by binding arbitration pursuant to this arbitration provision

///

> and the applicable rules or procedures of the arbitration administrator selected at the time the Claim is filed. . . .
>
> This Arbitration Rider shall survive repayment of your loan and/or termination of the Agreement. If any portion of this Arbitration Rider is deemed invalid or unenforceable under any law or statute consistent with the FAA, it shall not invalidate the remaining portions of this Arbitration Rider of the Agreement.

(Dkt. no. 9-3.) Alarcon alleges that Beneficial sued him in the Superior Court of California, County of San Diego claiming he owed $13,616.60 under the loan agreement, and Beneficial lost the lawsuit. (Dkt. no. 1 at ¶¶ 21–29.) Then, Alarcon alleges, Vital sent him a letter claiming that Galaxy now owned his account with Beneficial, and that he owed Galaxy $23,507.36. (*Id.* at ¶¶ 30–31.) Alarcon brought this case in response.

In support of the motion, a Galaxy representative declares based on her "personal knowledge" that: she has reviewed files and records that Galaxy prepared and maintained in the ordinary course of its business; the entries in the records she relies on were made at or near the time of the applicable event by people having personal knowledge of the event; and that Galaxy was assigned Alarcon's loan account with Beneficial. (Dkt. no. 9-2.) Alarcon opposes Defendants' motion. (Dkt. no. 10.)

## II.   Discussion

"Arbitration is a matter of contract, and the [Federal Arbitration Act] requires courts to honor parties' expectations." *AT & T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1752 (2011). "Section 2 of the FAA creates a policy favoring enforcement of agreements to arbitrate." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008). If the FAA applies to a contract, courts must direct parties to arbitrate disputes involving issues that fall within an arbitration agreement. *See id*. So, a party seeking to compel arbitration under the FAA has the burden to show: (1) the existence of a valid, written agreement to arbitrate in a contract; and (2) that the agreement to arbitrate encompasses the dispute at issue. *Cox*, 533 F.3d at 1119; *see also* 9 U.S.C. § 2.

Alarcon doesn't dispute that he signed the arbitration rider. Nor does he dispute that the arbitration rider encompasses the dispute in this lawsuit since it "aris[es] from" and "relat[es] to" his loan agreement with Beneficial. Instead he argues: (1) under the merger

doctrine, the judgment in Beneficial's state court lawsuit extinguished all beneficial rights under the loan agreement; (2) the agreement gives Beneficial the right to compel arbitration, but not Vital or Galaxy; and (3) Vital or Galaxy haven't established that they were assigned the rights under the agreement. (Dkt. no. 10.)

**A.   Merger Doctrine**

Alarcon's first argument relies on the merger doctrine, which is "one aspect of the larger principle of res judicata." 50 C.J.S. Judgments § 933 (2015). Under that doctrine, "[w]hen a party recovers a judgment for breach of contract, entry of the judgment absolves the defendant of any further contractual obligations, and the judgment for damages replaces the defendant's duty to perform the contract." *Tomaselli v. Transamerca Insurance Co.*, 25 Cal.App.4th 1766, 1770 (1994); *see also* Restatement (Second) of Judgments § 18 (2015). The reasons behind the doctrine are:

> [1] that a superior right covers or absorbs an inferior right, a judgment being of a higher order of security than an ordinary cause of action;
>
> [2] that it would be vexatious to the one party, and of no benefit to the other, to permit the recovery of two judgments against the same person for one debt; and
>
> [3] that it arises out of the quality of a judgment which renders it conclusive.

50 C.J.S. Judgments § 933 (2015).

Alarcon argues that since the state court entered a judgment in Beneficial's state court action, the merger doctrine prevents Vital and Galaxy from relying on the terms of Beneficial's agreement with Alarcon to compel arbitration. But there's some question as to whether the merger doctrine applies in a case like this one, where the *defendant* wins the underlying breach of contract action, and it's unclear whether either party recovered a judgment for a breach of contract. *Cf. Eblen v. Lakemont Homes Inc.*, 2009 WL 726300, at *4 (Cal. Ct. App. Mar. 19, 2009) (unpublished). Even if the merger doctrine does apply, however, it doesn't necessarily render contractual terms meaningless. *Cf. Kenny v. Kenny Indus., Inc.*, 976 N.E.2d 1040, 1046 (Ill. App. Ct. 2012) ("[T]he merger doctrine does not necessarily preclude a judgment defendant from commencing subsequent litigation to

enforce its contractual rights. If the defendant's complaint does not seek to attack the judgment itself, but rather attempts to enforce its separate rights under the contract, the merger doctrine does not apply."). The right that Vital and Galaxy asserts here—the right to arbitrate claims arising out of the loan agreement—is wholly separate from the claims litigated in Beneficial's state court action. Thus, the merger doctrine doesn't extinguish it. This conclusion is bolstered by the arbitration rider's survival clause, where Alracon agreed that his arbitration waiver survives the termination of his loan agreement.

### B. Assignees' Right to Compel Arbitration

Next, Alarcon argues that Vital and Galaxy can't enforce the arbitration clause because the arbitration rider identifies only Alarcon and the "lender" as parties that can enforce that right. But Galaxy asserts that it's the assignee of Benefical's interest in Alarcon's loan agreement, and Alarcon acknowledges that Beneficial was the "lender." (Dkt. no. 1 at ¶¶ 17, 20, 30.) Under California law, "[a]n assignment carries with it all the rights of the assignor" and "[t]he assignee stands in the shoes of the assignor, taking his rights and remedies, subject to any defenses which the obligor has against the assignor prior to notice of the assignment." *Searles Valley Minerals Operations Inc. v. Ralph M. Parson Serv. Co.*, 191 Cal. App. 4th 1394, 1402 (2011). Thus, although the arbitration rider refers to Beneficial, and not to Vital or Galaxy, its provisions can be enforced by Beneficial's assignees. *See James v. Portfolio Recovery Associates, LLC*, 2015 WL 720195, at *5 (N.D. Cal. Feb. 20, 2015) (permitting assignee to enforce arbitration clause because under Nevada law, like California law, "an assignment operates to place the assignee in the shoes of the assignor, and provides the assignee with the same legal rights as the assignor had before assignment").

### C. Evidence of Assignment

Finally, Alarcon argues that Defendants have failed to provide competent evidence of assignment. He contends that Galaxy's declaration is insufficient because: (1) the declarant doesn't link her access to business records with her conclusion that an assignment occurred; (2) the declarant doesn't sufficiently establish the source of her personal

knowledge; (3) it's irrelevant; (4) it's hearsay; and (5) whether there's been an assignment is a legal conclusion. (Dkt. no. 10 at 11–15.) The Court disagrees. It's clear that the declarant has reviewed Galaxy's business records, including records relating to the assignment of Alarcon's loan account to Galaxy, and her declaration summarizes the relevant facts from those business records. While the declarant could have added an additional paragraph saying that the facts provided about the assignment in paragraph three were gleaned from the business records discussed in paragraph two, the Court thinks that's self-evident. Indeed, the Court sees no other way to interpret the declaration. The declaration is relevant to Defendants' right to enforce the arbitration clause. It's admissible under the business records exception to the hearsay rule. *See Konik v. Time Warner Cable*, 2010 WL 8471923, at *5 n.4 (C.D. Cal. Nov. 24, 2010); *Giannini v. Nw. Mut. Life Ins. Co.*, 2012 WL 1535196, at *2 n.2 (N.D. Cal. Apr. 30, 2012). And while it states a legal conclusion regarding Galaxy's status as an assignee, it provides sufficient facts to support that conclusion. *Cf. Moses v. GMAC Mortgage, LLC*, 2010 WL 2775634, at *2 (S.D. Cal. July 14, 2010).

## III. Conclusion

The motion to compel arbitration (Dkt. no. 9) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED: March 22, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge