

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 04 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER ALARCON,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>VITAL RECOVERY SERVICES, INC. and GALAXY ASSET PURCHASING, LLC,<br><br>        Defendants - Appellees. | No. 16-55523<br><br>D.C. No. 3:15-cv-00992-LAB-KSC<br>U.S. District Court for Southern California, San Diego<br><br>**MANDATE** |

       The judgment of this Court, entered December 13, 2017, takes effect this date.

       This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

       FOR THE COURT:

       MOLLY C. DWYER
       CLERK OF COURT

       By: Rhonda Roberts
       Deputy Clerk
       Ninth Circuit Rule 27-7

FILED

**NOT FOR PUBLICATION**

DEC 13 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER ALARCON, | No. 16-55523 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00992-LAB-KSC |
| v. | |
| VITAL RECOVERY SERVICES, INC. and GALAXY ASSET PURCHASING, LLC, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted December 4, 2017
Pasadena, California

Before: D.W. NELSON and REINHARDT, Circuit Judges, and STEEH,** District Judge.

The district court concluded that there was a valid agreement to arbitrate between the parties that encompassed the dispute at issue, *see Knutson v. Sirius*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

*XM Radio Inc.*, 771 F.3d 559, 564-65 (9th Cir. 2014), and granted Defendants' motion to compel arbitration. Although the FAA "embodies the national policy favoring arbitration[,] . . . the liberal federal policy regarding the scope of arbitrable issues is inapposite when the question is whether a particular party is bound by the arbitration agreement." *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1291 (9th Cir. 2017) (citations omitted). A district court should not decide as a matter of law that the parties entered into an agreement to arbitrate when there is a genuine issue of fact concerning the formation of any agreement. *See Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991); *see also Cordas v. Uber Techs.*, 228 F.Supp.3d 985, 989 (N.D. Cal. 2017). "The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise." *Three Valleys*, 925 F.3d at 1141 (citation omitted); *see also Cordas*, 228 F.Supp.3d at 989.

  The district court clearly erred in finding that the Defendants met their burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence. *See Knutson*, 771 F.3d at 565. Defendants provided no facts supporting their assertion that Galaxy had been assigned Beneficial's contractual

rights and thus was a party to an agreement to arbitrate with Alarcon. Defendants offered only a Declaration by an "authorized representative" of Galaxy that she was authorized to review Galaxy's files. The Declaration is both insufficient and inadmissible.

California law does not mandate a particular form to show a valid assignment, but the evidence must be sufficient to show that the owner of a right manifested an intent to transfer that right. *See Cockerell v. Title Ins. & Trust Co.*, 42 Cal.2d 284, 291 (1954) (in bank); *see also Cobb v. S.F. Residential Rent Stabilization and Arbitration Bd.*, 98 Cal.App.4th 345, 352-53 (2002). The Declaration contains only the legal conclusion that "[i]n November of 2011 Galaxy became the assignee of certain assets of Beneficial [] including [Alarcon's] consumer loan account." It contains no facts to support this conclusion. It is not even clear that the Declarant reviewed any of Galaxy's business records to reach this conclusion. There is no evidence at all that Beneficial assigned its rights to Galaxy or any other intermediary assignee.

Moreover, the Declaration's legal conclusion is inadmissible in any form. Although the Declaration might have served to authenticate actual business records had Defendants attached any, the Declaration itself is not an admissible business record or summary of business records because it was prepared for litigation and

not regularly kept as part of the practice of any business. Fed. R. Evid. 803(6). The Declaration is likewise not an admissible summary because Defendants have not alleged that any records are too voluminous to be conveniently examined, nor have they provided originals or duplicates as required. Fed. R. Evid. 1006. Finally, because the legal conclusion is offered to prove the content of business records that allegedly document assignment, it is inadmissible unless Defendants produce the original records. Fed. R. Evid. 1002. They did not produce those records here.

Because there was no admissible evidence of an agreement to arbitrate between the parties, we **REVERSE** and **REMAND** with instructions to reinstate Alarcon's complaint and to deny Defendants' motion to compel arbitration.