# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALARCON,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>VITAL RECOVERY SERVICES, INC., et al.,<br><br>　　　　　　　Defendants. | CASE NO. 15cv992-LAB (KSC)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

A decade ago, Beneficial California loaned Christopher Alarcon about $14,000. He defaulted. Beneficial sued him in state court, but lost. Four years later, Alarcon received a letter from debt collector Vital Recovery Services explaining Galaxy Asset Purchasing owned Alarcon's debt to Beneficial, which had ballooned to around $24,000. Alarcon responded by filing this suit against Vital and Galaxy for sending him the letter in violation of the Fair Debt Collection Practices Act and California's analogous Rosenthal Act. The dispute here turns on one key issue: Did the judgment for Alarcon extinguish his debt?

But before the Court resolves that issue, it must first decide if Alarcon has plausibly alleged an injury-in-fact to support standing. The parties disagree about whether Alarcon only needs to allege a statutory violation, or if he also needs to allege actual injuries from the letter. *Compare Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 781 (9th Cir. 1982) ("statutory damages are available without proof of actual damages"), *with Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) ("standing requires a concrete injury even in the context of a

statutory violation"). But the Court need not decide how to apply *Spokeo* to a standing analysis under the FDCPA yet because Alarcon's complaint doesn't offer sufficient allegations for the Court to find even a statutory violation. Instead, his complaint boils down to two main facts: Beneficial lost in 2010 and Defendants sent him a Dunning Letter in 2014. That's not enough information for the Court to find Alarcon met his burden to "clearly [ ] allege facts demonstrating" how the letter violated the five different FDCPA provisions he recites in his complaint. *Spokeo*, 136 S. Ct. at 1547.

The complaint is dismissed with leave to file an amended complaint by August 3, 2018. Fed. R. Civ. P. 12(b)(1). Defendants may file an updated motion to dismiss by August 17, the opposition is due August 31, and the reply is due September 7. The Court will decide the motion on the papers.

**IT IS SO ORDERED**.

Dated: July 19, 2018

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge