Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA  92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
Email: 1sgrecordon@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALARCON,<br>                                    Plaintiff,<br><br>vs.<br><br>GALAXY ASSET PURCHASING,<br>LLC and VITAL RECOVERY<br>SERVICES, INC,<br><br>                                    Defendants. | Case No. 15-cv-992 LAB-KSC<br><br>FIRST AMENDED COMPLAINT FOR<br>VIOLATIONS OF THE:<br><br>1. Fair Debt Collection Practices<br>   Act; and<br>2. Rosenthal Act |

**I.      Introduction**

1.      Plaintiff Christopher Alarcon ("Plaintiff" or "Alarcon"), through his counsel, brings this action to challenge the acts of Vital Recovery Services, Inc, (hereinafter "Vital") and Galaxy Asset Purchasing, LLC (hereinafter "Galaxy") (collectively, "Defendants") regarding attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

/ / /

/ / /

First Amended Complaint                                                          Case No. 15-cv-992 LAB-KSC

-1-

2.     Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

3.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4.     Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## II.     Jurisdiction and Venue

5.     Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. ("FDCPA"), and California's Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act").

7.     As all Defendants do business in the State of California, and committed the acts that form the basis for this suit with the intent to cause effects in the state of California, this Court has personal jurisdiction over Defendant for purposes of this action.

8.     Venue is proper as all Defendants do business in the County of San Diego and the acts at issue took place in the County of San Diego.

## III.     Parties

9.     Plaintiff is a natural person, an adult, and resides in San Diego County, California.

10.     Plaintiff is informed and believes and thereon alleges that Defendant Galaxy is a Nevada limited liability company or limited partnership doing business in the State of California.

/ / /

11.     Plaintiff is informed and believes and thereon alleges that Defendant Vital is a Georgia limited liability company or limited partnership doing business in the State of California.

12.     All Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

13.     All Defendants, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

14.     All Defendants claim that Plaintiff is obligated to pay a debt, and therefore Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15.     Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code §1788.2(h).

16.     This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

17.     Plaintiff is informed, believes, and on that basis alleges that at all times mentioned in this Complaint, Defendants were the agents, servants, and/or employees of their co-Defendants and in doing the things alleged in this Complaint were acting within the course and scope of said agency, authority, and employment.

/ / /

/ / /

**IV.    Facts Common to All Causes of Action**

18.    On or about April 29, 2006, Beneficial California, Inc ("Beneficial") entered into a written agreement "Consumer Loan Agreement" with Plaintiff to loan Plaintiff the sum of $14,304.69.

19.    As a part of the above Consumer Loan Agreement, Beneficial and Plaintiff agreed that "this loan was made for a personal, family or household purpose and is considered to be a consumer loan governed by the California Finance Lenders Law (CFLL)"

20.    This Consumer Loan Agreement was later associated with an account number ending in 0118 ("Account").

21.    On July 15, 2009, Beneficial filed a complaint ("State Court Complaint") in the Superior Court of California for the County of San Diego against Mr. Alarcon, in the matter of *Beneficial California, Inc v. Christopher Alarcon*, case number 37-2009-00094101-CL-CL-CTL ("State Court Action").

22.    In the above State Court Complaint, Beneficial claimed that Alarcon owed Beneficial the principal balance of $13,616.60.

23.    While Beneficial did not identify the account number at issue in the State Court Complaint, on April 20, 2010, counsel for Beneficial filed a document entitled *Declaration of Plaintiff in Lieu of Personal Testimony at Trial[CCP §98]* in the State Court Action.

24.    As "Exhibit B" to the *Declaration of Plaintiff in Lieu of Personal Testimony at Trial [CCP §98]*, Beneficial filed a copy of an "Account Payment History for Christopher Alarco" (*sic*) that referenced an account number ending in 0118, with the initial account numbers redacted, indicating that the account at issue in the State Court Action was a Beneficial account with an account number ending in 0118, the same number earlier associated with the April 29, 2006 Consumer Loan Agreement.

/ / /

First Amended Complaint                                                      Case No. 15-cv-992 LAB-KSC

25.     On July 9, 2010, Beneficial prosecuted their claims to trial in the State Court Action, and lost.

26.     On October 15, 2010, the Hon. Joan Lewis signed and entered judgment ("State Court Judgment") for Alarcon and against Beneficial in the State Court Action, regarding Beneficial's claim of a debt owed on the Beneficial Account at issue here.

27.     Galaxy claimed in this very action that they purchased the Beneficial Account from Beneficial.

28.     Plaintiff is informed and believes, and thereon alleges that in fact Beneficial California, Inc did not sell, assign or otherwise transfer ownership of the Beneficial Account to Galaxy or any other party, and furthermore could not do so, as all of their claims regarding the Beneficial Account were extinguished by the State Court Judgment.

29.     On or about early 2012, Galaxy hired an as of yet undisclosed collection agency to collect the same Beneficial account, ending in 0118, from Plaintiff, despite the fact that Beneficial already prosecuted all of their claims regarding this account to trial and lost.

30.     Plaintiff received a letter from this collection agency, and then called them to tell them about the judgment in his favor, and sent the agency a copy of the judgment.

31.     Instead of stopping their collection activity, Galaxy hired another collection agency to harass Plaintiff into paying a debt that was already extinguished, and which Galaxy did not own.

32.     About six months later, a second collection agency, hired by Galaxy, sent Plaintiff a letter, and he again called this collection agency to tell them about the judgment in his favor, and sent this second agency a copy of the judgment.

33.     Instead of stopping collection, Galaxy hired a third collection agency to harass Plaintiff.

34.    This third agency contacted Plaintiff, and Plaintiff again told the agency about the judgment in his favor, and that he did not owe any amount to Galaxy, or anyone else for that matter.

35.    On or about August 1, 2014, Vital sent Alarcon a letter (Dunning Letter), claiming that the Account was now owned by Galaxy, and that Alarcon now owed Galaxy the sum of $23,507.36, and demanding payment in that amount.

36.    Vital also called Plaintiff on multiple occasions.

37.    This unsolicited contact by Galaxy intruded upon Plaintiff's solitude and invaded his privacy, an act which by its very nature causes injury.[1]

38.    This continued and vexatious attempt to collect a debt not owed also caused Plaintiff to suffer emotional damages, including stress, fear, and annoyance.

39.    Plaintiff later contacted an attorney to help him deal with these continuous collection efforts by Vital, as well as other collection agencies hired by Galaxy.

40.    Plaintiff incurred a significant debt to this attorney in direct response to Vital's acts, and in an attempt to fend off this continued harassment.

41.    In so doing, Plaintiff incurred pecuniary damages in the form of his ongoing obligation to pay the attorney he hired to assist him in dealing with Vital.

## V.    Allegations Specific to Individual Claims for Relief

### FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA by all Defendants)

42.    Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

/ / /

---

[1] *Van Patten v Vertical Fitness Group, LLC* 847 F 3d 1037, 1043 (9th Cir 2017)("Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients."), see also *Romero v. Dept Stores Nat'l Bank*, Case No 16-56265 (9th Cir, Feb 28, 2018)(unpublished) ("Congress recognized unsolicited contact as a concrete harm regardless of caller or content…" and recognizing contact intruding upon solitude as a harm under the Rosenthal Act)

First Amended Complaint                                             Case No. 15-cv-992 LAB-KSC

43.   Defendants violated the FDCPA. Defendants' violations include, but are not limited to the *following*:

a.   *15 U.S.C. §1692d* by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in that Defendants made repeated unsolicited and unwanted telephone calls and sent correspondence regarding a non-existent debt, extinguished years prior. While no intent is required, nor any actual damages,[2] here Defendants were repeatedly placed on notice both by public record and Plaintiff's own repeated statements to Galaxy's agents that the claims at issue were extinguished. Galaxy's decision to proceed with repeated collection efforts regardless, and Vital's acts, are "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

b.   *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt, in that Defendants represented to Plaintiff that he owed thousands of dollars to Galaxy, when in fact the debt at issue was already extinguished, and Galaxy did not own the claim regardless.

c.   *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt, in that Defendants represented to Plaintiff that the debt at issue was for thousands of dollars, rather than zero, and in that they represented that the debt at issue was still collectible, rather than extinguished.

---

[2] *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 781 (9th Cir. 1982) ("statutory damages are available without proof of actual damages"), also note that under *Spokeo, Inc v Robins*, there is no requirement for a showing of actual damages in order to meet the lower standard of "concrete harm."  See *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1553 (2016) ("A plaintiff seeking to vindicate a statutorily created private right need not allege actual harm beyond the invasion of that private right.") and *Spokeo* at 1552 ("But the concrete-harm requirement does not apply as rigorously when a private plaintiff seeks to vindicate his own private rights.

First Amended Complaint

Case No. 15-cv-992 LAB-KSC

1
2
3
4

    d.    *15 U.S.C. §1692e(10)* by use of a false representation or deceptive means to collect a debt, in that Defendants represented to Plaintiff that he owed thousands of dollars to Galaxy, when in fact the debt at issue was already extinguished, and Galaxy did not own the claim regardless.

5
6
7
8
9

    e.    *15 U.S.C. §1692f* by use of an unfair or unconscionable means to collect or attempt to collect a debt, in that it is manifestly both unfair and unconscionable to repeatedly lie to Plaintiff and falsely claim that he owes thousands of dollars to Galaxy, when in fact he owed and owes Galaxy no amount.

10
11
12
13
14

    f.    *15 U.S.C. §1692f(1)* by collection of an amount not expressly authorized by an agreement creating a debt, or by law, in that any contractual claims based on an agreement have been extinguished, and far from being authorized by the law, the opposite is true: Defendants' claims are *extinguished* by law.

15
16
17
18

44.    Plaintiff is entitled to actual damages sustained as a result of Defendant's conduct, in an amount according to proof; as well as pre-judgment interest on those damages, to statutory damages of $1,000; costs of the action; and reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k.*

19

**SECOND CLAIM FOR RELIEF**

20

**(Violations of the Rosenthal Act by All Defendants)**

21
22

45.    Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

23
24
25

46.    Based on information and belief, Defendant's acts and omissions violated *California Civil Code § 1788 et seq*, including, but not limited to the following sections: *California Civil Code §§ 1788.17.*

26

/ / /

27

/ / /

28

Our contemporary decisions have not required a plaintiff to assert an actual injury beyond the violation of his personal legal rights to satisfy the "injury-in-fact" requirement. ")

First Amended Complaint                Case No. 15-cv-992 LAB-KSC

47.     Based on information and belief, Defendant's violations of *California Civil Code § 1788.17*, which incorporates several of the provisions of the FDCPA, include, but are not limited to, the following:

    a.    *15 U.S.C. §1692d* by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in that Defendants made repeated unsolicited and unwanted telephone calls and sent letters regarding a non-existent debt, extinguished years prior.  While no intent is required, nor any actual damages,[3] here Defendants were repeatedly placed on notice that the claims at issue were extinguished both by public record and Plaintiff's own repeated statements to Galaxy's agents, and to Vital directly.  Galaxy's decision to proceed with repeated collection efforts regardless, and Vital's acts, are "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

    b.    *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt, in that Defendants represented to Plaintiff that he owed thousands of dollars to Galaxy, when in fact the debt at issue was already extinguished, and Galaxy did not own the claim regardless.

    c.    *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt, in that Defendants represented to Plaintiff that the debt at issue was for thousands of dollars, rather than zero, and in that

---

[3] *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 781 (9th Cir. 1982) ("statutory damages are available without proof of actual damages"), also note that under *Spokeo, Inc v. Robins*, there is no requirement for a showing of actual damages in order to meet the lower standard of "concrete harm."  See *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1553 (2016) ("A plaintiff seeking to vindicate a statutorily created private right need not allege actual harm beyond the invasion of that private right.") and *Spokeo* at 1552 ("But the concrete-harm requirement does not apply as rigorously when a private plaintiff seeks to vindicate his own private rights.  Our contemporary decisions have not required a plaintiff to assert an actual injury beyond the violation of his personal legal rights to satisfy the "injury-in-fact" requirement.")

First Amended Complaint                                                    Case No. 15-cv-992 LAB-KSC

they represented that the debt at issue was still collectible, rather than extinguished.

d.    *15 U.S.C. §1692e(10)* by use of a false representation or deceptive means to collect a debt, in that Defendants represented to Plaintiff that he owed thousands of dollars to Galaxy, when in fact the debt at issue was already extinguished, and Galaxy did not own the claim regardless.

e.    *15 U.S.C. §1692f* by use of an unfair or unconscionable means to collect or attempt to collect a debt, in that it is manifestly both unfair and unconscionable to repeatedly lie to Plaintiff and falsely claim that he owes thousands of dollars to Galaxy, when in fact he owed and owes Galaxy no amount.

f.    *15 U.S.C. §1692f(1)* by collection of an amount not expressly authorized by an agreement creating a debt, or by law, in that any contractual claims based on an agreement have been extinguished, and far from Galaxy's claims of a debt being authorized by the law, the opposite is true: they are *extinguished* by law.

48.    Defendants' violations of the Rosenthal Act were willful and knowing.

49.    As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a) and prejudgment interest on those damages; statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and, reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

/ / /

/ / /

/ / /

/ / /

/ / /

## VI.    Prayer for Relief

WHEREFORE, Plaintiffs pray that judgment be entered against all Defendants, and pray for the following relief:

*FDCPA*

1.    An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against all Defendants and for the Plaintiff;

2.    An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against all Defendants and for the Plaintiff;

3.    An award of costs of litigation and reasonable attorney's fees against all named Defendants and for the Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3);

*Rosenthal Act*

4.    An award of actual damages pursuant to California Civil Code § 1788.30(a) against all Defendants and for Plaintiff;

5.    An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against all Defendants and for Plaintiff;

6.    An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against all Defendants;

7.    An award of pre-judgment interest, and

8.    Such other and further relief this court may deem just and proper.

## JURY DEMAND

1.    Plaintiff demands a trial by jury.

Respectfully submitted,

DATED: August 2, 2018                      /s/ Stephen G. Recordon
                                                          STEPHEN G. RECORDON
                                                          Attorney for Plaintiff