Damian P. Richard, Esq. (SBN 262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLP
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:    619/758-1891
Fax:   619/296-2013
drichard@sessions.legal
*Attorneys for Defendants*
*Galaxy Asset Purchasing LLC and*
*Vital Recovery Services, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALARCON, | ) Case No.   3:15-CV-00992-LAB-KSC |
| Plaintiff, | ) |
| vs. | ) |
| | ) DEFENDANTS' REPLY |
| VITAL RECOVERY SERVICES, | ) MEMORANDUM |
| INC. and GALAXY ASSET | ) |
| PURCHASING, LLC, | ) |
| Defendants. | ) |

Defendants Galaxy Asset Purchasing, LLC ("Galaxy") and Vital Recovery Services, LLC ("Vital") (collectively "Defendants") respectfully submit this memorandum in Reply to the opposition ("Opposition") filed by Plaintiff Christopher Alarcon ("Plaintiff") in response to Defendants' motions to dismiss, or, in the alternative, motion for summary judgment.

I.  **INTRODUCTION**

The Opposition at page 7 includes a block quote purportedly from the case, *O'Neil v. Gen. Sec. Corp.,* 4 Cal. App. 4th 587, 5 Cal. Rptr. 2d 712 (1992); however, the quoted language appears nowhere in the *O'Neil* opinion. Further, to the extent Plaintiff relies on *Passanisi v. Merit-Mcbride Realtors, Inc.,* 190 Cal. App. 3d 1496, 236 Cal. Rptr. 59 (Ct. App. 1987), this case involved California's "one form of action" rule, and the foreclosure on deeds of trust, and is completely inapposite. Plaintiff, who originally relied upon *In re 3dfx Interactive, Inc.,* 2009 WL 223266, at *8 (Bankr. N.D. Cal. Jan. 6, 2009) in his

previous brief before this Court, is now in his Opposition trying to distance himself from that opinion.[1] As set forth more fully in Defendants' Motions, *In re 3dfx,* authored by a federal bankruptcy judge sitting in California, correctly distinguishes the rules regarding Merger and Bar and the analysis supports summary judgment in favor of Defendants here. Stated simply, there is absolutely no authority for Plaintiff's proposition that a *defense* judgment in a collections case extinguishes the underlying debt, because that is not the law.

The published decision of *Wynne v. I.C. Sys., Inc.,* 124 F. Supp. 3d 734, 742 (E.D. Va. 2015) remains on all fours. In *Wynne,* the plaintiff similarly obtained a defense judgment in a collections case. When a debt collector subsequently made non-judicial attempts to collect the debt (i.e. letters and phone calls), the plaintiff sued in federal court alleging FDCPA violations. The U.S. District Court correctly held that plaintiff failed to state a claim under the FDCPA based on the alleged misrepresentation of the debt where her complaint did not (1) "explain by what conduct, or to whom, the defendants made any 'false representation of the character, amount, or legal status of any debt' in connection with the collection of the debt at issue," (2) "allege why collection of the debt . . . was not legally permitted," or (3) identify "what form of 'actual damages' she has suffered." *Id.* at 742. The *Wynne* Court further held that collection of the debt, though no longer available through judicial process, may still be legally permitted through non-judicial means. *Id.*

Here, Plaintiff seems to agree that "there is a difference between a debt that is extinguished, and a debt that merely can no longer be sued on." (ECF No. 37, pp. 14 of 30, at 10:27-28.) However, Plaintiff's debt was never extinguished, Defendants simply could not collect through judicial means. Plaintiff's claim preclusion theory lacks merit because there was no second lawsuit. Defendants have sued no one, nor even threatened

---

[1] *Compare* ECF No. 25 pp. 11 of 27, at 6:27-7:4 *with* ECF No. 37 pp. 13 of 30, at 9:1-5.

to sue anyone.

The rational of *Wynne* has been cited and relied upon by at least seven other U.S. District Courts, including one sitting in California. *See Jones v. Best Serv. Co.,* 2017 WL 490902, at *8 (C.D. Cal. Feb. 6, 2017) (granting motion to dismiss FDCPA claims), aff'd, 700 F. App'x 580 (9th Cir. 2017). In *Jones*, the Court relied-upon and quoted *Wynne* as authority for dismissing FDCPA claims where the complaint fails to "allege why collection of the debt . . . was not legally permitted." *Id.*

In this single-letter case, Plaintiff has failed to establish how the letter was not legally permitted. Plaintiff has failed to raise a genuine dispute of material fact. Dismissal with prejudice and/or summary judgment is warranted.

## II. CASE IS RIPE FOR DISPOSITION; NO FURTHER DISCOVERY WARRANTED; PLAINTIFF FAILS TO SEEK RULE 56(d) RELIEF

As set forth more fully in Defendants' Motions, whether conduct violates the FDCPA/RFDCPA is determined as a matter of law, based on an objective standard, on either a motion to dismiss, or a motion for summary judgment—Defendants' have brought both motions here. *See e.g. Fortunato v. Hopp Law Firm, LLC,* 2012 WL 5288684, at *4 (D. Nev. Oct. 23, 2012) (granting "Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment" on FDCPA claims and finding that "Defendants have provided evidence that their correspondence and the representations therein were not misleading, deceptive, or false.")

In his Opposition, Plaintiff has not filed or otherwise offered any declaration pursuant to FRCP 56(d). A party seeking the protection of FRCP 56(d) must file the requisite declaration. *Ashton-Tate Corp. v. Ross,* 916 F2d 516, 520 (9th Cir. 1990). The Opposing attorney's unverified memorandum is not sufficient. *Radich v. Goode,* 886 F.2d 1391, 1394 (3rd Cir. 1989). *See also Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137–38 (2d Cir. 1994) (holding trial court properly denied a continuance request when the party did not file a Rule 56(f) affidavit in support of the request); *THI-Hawaii, Inc. v.*

*First Commerce Financial Corp.,* 627 F.2d 991, 993-94 (9th Cir. 1980) (failure to move for a continuance for additional discovery, waived the claim that more discovery was needed prior to summary judgment).

To satisfy Rule 56(d), the requesting party "must show" in an "affidavit form" the "specific facts it hopes to elicit from further discovery," that "the facts sought exist," and that the "sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.,* 525 F.3d 822, 827 (9th Cir. 2008). *See also Garrett v. City and Cty. of S.F.,* 818 F.2d 1515, 1518 (9th Cir. 1987) ("a party opposing summary judgment must make clear what information is sought and how it would preclude summary judgment.").

Here, Plaintiff has made no such showing, nor even requested the relief in the proper form. "Failure to comply with these requirements 'is a proper ground for denying discovery and proceeding to summary judgment.'" *Family Home & Fin. Ctr., Inc.,* 525 F.3d at 827.

There is no need for additional discovery. The parties have already litigated these exact issues for over three and a half years, including the production of documents, depositions of both Plaintiff and Galaxy, and an arbitration trial.[2]

### III. ALLEGATIONS RELATING TO TELEPHONE CALLS AND "OTHER" COLLECTION AGENCIES BARRED BY ONE-YEAR STATUTE OF LIMITATIONS.

Plaintiff has offered no evidence that telephone calls were ever placed by either Defendant. Plaintiff has already admitted, under oath, that Galaxy placed no calls.[3] Plaintiff had multiple opportunities to allege calls placed by Defendant Vital, but did not do so. Neither (i) in his original complaint,[4] (ii) at his deposition,[5] or (iii) in his first

---

[2] ECF No. 22-2 Ex. D.
[3] ECF No. 26-1, Ex. B, pp. 14 of 53 (Plaintiff's Depo. 45:24-25 ("Galaxy never called you; correct?" . . . "That's correct.").)
[4] ECF No. 1 ¶¶ 29-31.
[5] ECF No. 26-1, Ex. B, pp. 8-20 of 53.

declaration,[6] does Plaintiff *ever* mention that calls were placed by Vital—this is because there were no such calls.[7]

Realizing the single letter is not enough to state a claim for relief, Plaintiff had to add something in an effort to avoid summary judgment. So, in the FAC, Plaintiff for the first time invents from thin air the theory that he received calls from Vital.[8] Not only is this a false allegation, but it is too late. Plaintiff has already admitted that all collection activity involving Defendants, if any, occurred in 2014 or earlier.[9] Almost 4 years have passed before the filing of the FAC. Any FDCPA/RFDCPA theory of liability based on alleged calls placed by Vital is barred by the one-year statute of limitations. 15 U.S.C. §§ 1692d, 1692k(d); Cal. Civ. Code § 1788.30(f); *Nelson v. Equifax Information Services, LLC,* 522 F.Supp.2d 1222, 1232 (C.D. Cal. 2007). As such, any theory of FDCPA/RFDCPA liability based on these newly-invented calls fails as a matter of law, and Defendants are entitled to summary judgment.

## IV. PLAINTIFF'S LATEST VERSION OF HIS DECLARATION CONTRADICTS PRIOR SWORN TESTIMONY AND CANNOT DEFEAT SUMMARY JUDGMENT

Realizing that nothing about the single letter at issue amounts to an FDCPA/RFDCPA violation, Plaintiff's Opposition does an about face, and now, for the first time in over three and a half years, Plaintiff is alleging phone calls by Defendants in addition to the one letter. As set forth above, Defendants made no calls to Plaintiff. These are false, sham allegations, and a desperate, last-minute attempt to avoid summary judgment.

In the latest version of his Declaration and in his Opposition,[10] Plaintiff for the first

---

[6] ECF No. 25-3.
[7] ECF No. 1, ¶¶ 17-31; ECF No. 22-2 at ¶ 30 ("Neither Vital nor Galaxy placed any telephone calls to Plaintiff or otherwise communicated with Plaintiff in any way other than through the single collection letter dated August 1, 2014.").
[8] FAC ¶ 36.
[9] ECF No. 25-3 at ¶¶ 24-25.
[10] ECF No. 37, pp. 7 of 30, at 3:7-27.

time alleges collection activity by other, unnamed parties leading up to the Vital letter on August 1, 2014. But again, Plaintiff has already admitted that all collection activity occurred in 2014 or earlier,[11] and is therefore outside the statute of limitations. 15 U.S.C. §§ 1692d, 1692k(d); Cal. Civ. Code § 1788.30(f); *Nelson,* 522 F.Supp.2d at 1232.

Moreover, Plaintiff's email from 2013 showing he provided a copy of the State Court Judgment to a third-party "Frontline" is insufficient to negate the fact that Defendants had no knowledge of the Superior Court Action or Judgment. Plaintiff offers no evidence that Frontline forwarded that information on to Galaxy in 2013. Defendants testified that they never received *any* notice from Frontline, or anyone, of the Judgment in the Superior Court Lawsuit until this lawsuit was filed.[12]

In fact, Galaxy testified that Frontline failed to do so,[13] and therein lies Defendants' the *bona fide error* defense. Defendants maintained a myriad of specific policies and procedures reasonably adapted to avoid any FDCPA/RFDCPA violation policies.[14]

Plaintiff's most recent version of his declaration should not be considered to the extent it (i) raises new allegations of conduct occurring prior to one-year before the filing of the FAC, or (ii) contradicts his earlier sworn testimony. Self-serving declarations that are physically impossible or that are both uncorroborated and contradicted by other credible evidence cannot defeat summary judgment. *Johnson v. Washington Metropolitan Area Transit Authority,* 883 F.2d 125, 128 (D.C. Cir. 1989); *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir. 2002) (holding self-serving declarations uncorroborated by other testimony do not create genuine issue of material fact). A party cannot create an issue of fact by a declaration contradicting his or her own deposition or other sworn testimony. The contradictory declaration creates no genuine issue of fact on a summary judgment motion. *See Cleveland v. Policy Management Systems Corp.,* 526

---

[11] ECF No. 25-3 at ¶¶ 24-25.
[12] ECF No. 22-2 ¶ 8-9, 28; ECF No. 26-1, ¶ 5 Ex. C (Kochamba Depo. 54:10-56:3).
[13] ECF No. 37-2 pp. 23 of 28, at 54:22-23 ("[Defendants] had no knowledge of this."), ECF No. 22-2 ¶¶ 8-9, 27-28.
[14] *See* list of FDCPA/RFDCPA policies and procedures at ECF No. 36, pp. 29-31 of 42.

US 795, 806 (1999); *Van Asdale v. International Game Tech.,* 577 F.3d 989, 998 (9th Cir. 2009). Where record evidence exists that blatantly contradicts the opposing party's version of the story such that no reasonable jury could believe it, "a court should not adopt that version of facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris,* 550 U.S. 372, 380-81 (2007).

## V.    REQUEST FOR JUDICIAL NOTICE SHOULD BE GRANTED

Back on August 25, 2015, it was *Plaintiff* who asked this Court to consider publicly-available records indicating that Beneficial California, Inc. ("Beneficial") had indeed merged,[15] and to take judicial notice of a Declaration signed on behalf of Beneficial at or near the Virginia-based headquarters of its affiliate Household Finance Corporation ("HFC"), which is also a known subsidiary of HSBC.[16] Plaintiff should be estopped from now challenging the filings with the U.S Securities and Exchange Commissions ("SEC") and the other public records evidence which clearly establish the merged corporations and ownership of Beneficial by HSBC.

Other federal courts have found it appropriate to take judicial notice of such records.[17] Moreover, Plaintiff offers no evidence that Beneficial was not a subsidiary of HSBC. Plaintiff provides no witness declaration or contradicting evidence, but merely attempts to defeat summary judgment with argument and allegations of counsel. *See Williams v. Borough of West Chester, Pa.,* 891 F.2d 458, 460 (3d Cir. 1989) (holding that at summary judgment the "nonmoving party must adduce more than a mere scintilla of evidence in its favor and cannot simply reassert factually unsupported allegations contained in its pleadings"). A party cannot withstand a motion for summary judgment merely by asserting that a fact is disputed; he must present sufficient evidence to the court to show that there is indeed a genuine issue of material fact. *See Palila v. Hawaii Department of Land and Natural Resources,* 639 F.2d 495 at 497 (9th Cir. 1981); *Horta*

---

[15] ECF No. 10-1.
[16] *Compare* ECF No. 10-2, at 11, 22 of 26 *with* ECF No. 24, Joint Statement of Undisputed Fact ("JSUF") ¶ 4.
[17] *See* ECF No. 36 at pp. 12 n.14 of 42 (p. 10 n.14).

*v. Sullivan,* 4 F.3d 2, 8 (1st Cir. 1993) ("Mere allegations, or conjecture unsupported in the record, are insufficient to raise a genuine issue of material fact."); *Coleman v. United States,* 369 Fed. Appx. 459, 461 (4th Cir. 2010) (holding that a party "may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment").

The Opposition fails to oppose summary judgment in this regard and consists exclusively of disjointed and conclusory allegations, unsupported in the record, and based on mere suspicion and belief. Plaintiff brought nothing before the court to show that he would be able to support his "lack of chain of title" allegations with evidence at trial. *See Bollow v. Fed. Reserve Bank of San Francisco,* 650 F.2d 1093, 1103 (9th Cir. 1981) (affirming grant of summary judgment as proper where plaintiff offered no evidence in response to sworn declaration, but merely repeated the allegations of complaint).

## VI. PLAINTIFF FAILS TO OFFER ANY EVIDENCE THAT GALAXY IS A DEBT COLLECTOR

Similarly, the Opposition offers no evidence that Galaxy is a "debt collector" and therefore subject to the FDCPA. *See Henson v. Santander Consumer USA Inc.,* 137 S. Ct. 1718, 198 L. Ed. 2d 177 (2017). Galaxy is an assignee, and is not an entity collecting Plaintiff's loan account on behalf of another, but rather is attempting to collect Plaintiff's loan account it now owns for itself.

Plaintiff, again, relies on mere attorney argument and speculation, and points only to the allegation in the FAC.[18] However, mere allegations in a pleading are insufficient to create a triable issue and overcome a motion for summary judgment. *Department of Commerce v. U.S. House of Representatives,* 525 U.S. 316, 329 (1999); *Coll v. PB Diagnostic Systems, Inc.,* 50 F.3d 1115, 1121 (1st Cir. 1995) (the non-moving party cannot merely rely on the pleadings for summary judgment purposes but must show that there are

---

[18] ECF No. 37 pp. 27 of 30, at 23:21-22.

specific factual issues for trial); *Willmar Poultry Co. v. Morton-Norwich Products, Inc.,* 520 F.2d 289, 293 (8th Cir. 1975) ("summary judgment is always warranted where the party resisting the motion does so by relying solely upon his pleadings and submits no evidence to rebut the moving party's conclusive demonstration")

## VII. DEFENDANTS WERE RELEASED

The Opposition does not refute that in the negotiations leading up to the Bishop White Release the parties specifically carved-out any release of Plaintiff's obligation for the underlying loan.[19] This effort by Plaintiff to negotiate waiver of the debt, after obtaining judgment, was an *admission* that the debt survived the defense judgment.[20] And then, by signing the *release* of any "duty" or "obligation" of Beneficial (and its successors and assigns), Plaintiff thereby released Beneficial and Beneficial's assignees (i.e. Defendants) from any obligation to cease collection on the debt.

In his Opposition Plaintiff concedes that he "released 'Bishop [White's] . . . client[]' from liability."[21] Bishop White's client was HSBC/Beneficial. Under California law, an assignee "stands in [the] shoes" of the assignor, and takes "all the rights of the assignor." *See Johnson v. Cnty. of Fresno,* 111 Cal.App.4th 1087, 1096, 4 Cal.Rptr.3d 475 (2003). As such, Defendants were released of any obligation to cease collecting the debt through non-judicial means.

## VIII. PLAINTIFF STILL LACKS STANDING

Plaintiff still lacks standing because the only allegations added to the FAC were allegations from 2014 or earlier and are therefore outside the one-year statute of limitations.[22] 15 U.S.C. §§ 1692d, 1692k(d); Cal. Civ. Code § 1788.30(f); *Nelson,* 522 F.Supp.2d at 1232. All newly-alleged allegations based on conduct or damages that occurred prior to August 2, 2017, one year before he filed he filed the FAC are time-

---

[19] *See* ECF No. 22-2 at ¶ 18, Ex. I.
[20] ECF No. 22-2 at ¶¶ 17-18, Exs. H-I.
[21] ECF No. 37, pp. 19 of 20, at 15:4-8.
[22] ECF No. 31 ¶¶ 28-38.

barred. *Id.*

Further, the FAC alleges nothing more to demonstrate that Plaintiff has suffered a concrete injury caused by Defendants, and therefore this Court's Order dismissing the case should be reapplied to the FAC, with prejudice.[23] Comparing the initial Complaint to the FAC, the only attempt to allege an actual "injury-in-fact" is Plaintiff's addition of allegations that he incurred attorney's fees.[24] However, attorney's fees are not actual damages under the FDCPA, and are separately provided for by the statute. 15 U.S.C. § 1692k.

Any alleged attorney's fees were not caused by the alleged violation, but are rather incurred by Plaintiff in asserting his alleged claims. *See e.g. Imtiaz Khan v. K2 Pure Solutions, LP*, 2013 WL 4734006, at *6 (N.D. Cal., Sept. 3, 2013) ("attorney's fees incurred [] by bringing this case are insufficient to establish the necessary injury necessary under the UCL"); *Selby v. Bank of Am., Inc.*, 2010 WL 4347629, at *8 (S.D. Cal. Oct. 27, 2010) ("The Court is not persuaded that attorney's fees incurred in suing for a violation constitutes injury within the meaning of § 17204 (otherwise, any plaintiff filing suit would be able to show injury)"). It is also worth noting here that Defendants had already formerly offered Plaintiff complete relief, including payment of the alleged attorney's fees incurred.[25]

Again, *Wynne* is on all fours and has been relied-upon by other U.S. District Courts, including one sitting in California. *See Jones,* 2017 WL 490902, at *8. Collection of the debt, though no longer available through judicial process, was still permitted through non-judicial means, such as the single letter.[26] *Wynne,* 124 F. Supp. 3d at 742. Like the Plaintiff in *Wynne*, here Plaintiff has failed to identify "what form of 'actual damages' []he has suffered." *Id.* There were no phone calls or other communication made by

---

[23] ECF No. 30.
[24] ECF No. 31, FAC ¶¶ 39-41.
[25] ECF No. 26-1, at ¶ 3, Ex. A.
[26] ECF No. 1, Ex. E.

Defendants to Plaintiff other than the single letter.[27]  To the extent the FAC now attempts to allege prior communications with non-parties,[28] those claims are either (i) barred by the FDCPA/RFDCPA one-year statute of limitations, or (ii) have already been asserted in binding arbitration in which Plaintiff lost.[29]

Plaintiff admitted at his deposition that he has suffered no actual monetary damages.[30]  Nor has he suffered any emotional distress from the single letter.  Plaintiff admitted at his deposition that he could not recall any symptoms or physical manifestations of any emotional distress,[31] nor did he seek any treatment for any alleged emotional distress.[32]

## IX.  CONCLUSION

Even read in a light most favorable to the non-moving party, Plaintiff has failed to state a claim for relief.  He has also failed to raise a genuine dispute of material fact.  For the foregoing reasons, Defendants respectfully request this Court grant the Motion to Dismiss, with prejudice, or in the alternative, grant summary judgment in favor of Defendants.

Dated:  9/14/18           SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

*/s/Damian P. Richard*
Damian P. Richard
*Attorneys for Defendants*
*Galaxy Asset Purchasing LLC and*
*Vital Recovery Services, LLC*

---

[27] ECF No. 1, ¶¶ 17-31; ECF No. 22-2 at ¶ 30 ("Neither Vital nor Galaxy placed any telephone calls to Plaintiff or otherwise communicated with Plaintiff in any way other than through the single collection letter dated August 1, 2014."); ECF No. 25-3 at ¶¶ 24-30; ECF No. 26-1 at pp. 14-17 of 53.
[28] ECF No. 31 at ¶¶ 29-34, n.1.
[29] ECF No. 22-2 Ex. D.
[30] ECF No. 26-1 at ¶ 4, Ex. B (Alarcon Depo. 20:13-24).
[31] ECF No. 26-1 at ¶ 4, Ex. B (Alarcon Depo 47:7-49:25).
[32] *Id.*