# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALARCON<br><br>        Plaintiff,<br><br>vs.<br><br>VITAL RECOVERY SERVICES, INC., et al.,<br><br>        Defendants. | CASE NO. 15cv992-LAB (KSC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [Dkt. 36]** |

Christopher Alarcon brought this action against Vital Recovery Services, Inc. ("Vital") and Galaxy Asset Purchasing, LLC ("Galaxy") alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and its California counterpart, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). This Court dismissed his complaint with leave to amend for inadequately alleging facts to support standing. Alarcon filed his First Amended Complaint ("FAC"), and Defendants now move to dismiss, or in the alternative, for summary judgment. For reasons stated below, Defendants' motion is **GRANTED**.

## **FACTUAL BACKGROUND**

In 2006, Alarcon borrowed approximately $14,000 from Beneficial California, Inc. ("Beneficial"). *See* Statement of Undisputed Facts, Dkt. 24 ¶ 1. Beneficial sued Alarcon in California state court to collect the balance on the loan, but the state court entered

judgment in Alarcon's favor. *Id.* ¶¶ 3-6. Beneficial then sold and assigned Alarcon's debt account to Fortis Capital IV, LLC, who later transferred it to Galaxy. *See* Kochamba Decl., Dkt. 22-2, Exs. A-C.[1] Alarcon says the state court judgment extinguished the debt and made it non-collectible, but he does not appear to dispute that the debt was purportedly transferred from Beneficial to (eventually) Galaxy. *See* Alarcon's Opposition, Dkt. 37 ("There is no dispute that the debt at issue . . . was reduced to judgment . . . . The dispute is whether the judgment . . . extinguished the debt that Defendants continue to claim is due."). After Galaxy purchased the debt, it hired three different agencies to collect on it. Each of these agencies contacted Alarcon, who informed them of the state court judgment. FAC ¶¶ 29-34. Those communications were the subject of other lawsuits and are not at issue here. This case concerns the *fourth* agency hired by Galaxy, Vital, who called Alarcon multiple times and sent him a dunning letter to collect on the Beneficial loan, the balance of which had grown to $23,507.36. FAC ¶¶ 35-36.

Alarcon brought this suit, alleging that Galaxy and Vital's actions violated the FDCPA and RFDCPA because the state court judgment extinguished the debt. In Plaintiff's view, because the judgment extinguished the debt, the communications attempting to collect on that debt were necessarily misleading. There are no allegations that the communications were otherwise misleading or actionable. Defendants now move for dismissal or, in the alternative, summary judgment.

/ / /

/ / /

---

[1] These documents are competent evidence in support of a summary judgment motion. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773–74 (9th Cir. 2002) ("In a summary judgment motion, documents authenticated through personal knowledge must be attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence. However, a proper foundation need not be established through personal knowledge but can rest on any manner permitted by Federal Rule of Evidence 901(b) or 902.") (internal citations and quotation marks omitted). Further, Alarcon has not made any evidentiary objections to the documents, so the Court treats their authenticity as undisputed.

## JUDICIAL NOTICE

Defendants have asked the Court to take judicial notice of a series of documents, including, among other things, SEC filings, online articles, an arbitral award, and a transcript from the state court proceeding that was resolved in favor of Alarcon. Dkt. 23. Plaintiff objects to judicial notice as to four of these documents: the SEC filings, two online articles, and the arbitral award. Dkt. 37-1. Plaintiff does not object to this Court taking judicial notice of the transcript from the state court proceeding. The Court **GRANTS** Defendants' request for judicial notice as to the state court transcript. Dkt. 23, Ex. 3. But the remaining documents are not relevant to the Court's decision, so the request for judicial notice as to those documents is **DENIED AS MOOT.**

## LEGAL STANDARD

The Court treats this motion as one for summary judgment.[2] Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the moving party's burden to show there is no factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to show there is a genuine factual issue for trial. *Id.* at 324. The non-moving party must produce admissible evidence, and cannot rely on mere allegations. *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1033 n.14 (9th Cir. 2008). This can be done by presenting evidence that would be admissible at trial, *see Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002), or by pointing to facts or evidence that could be presented in admissible form at trial. *See Fraser v. Goodale*, 342

---

[2] Alarcon argues that summary judgment is premature because he has not yet had chance to take discovery regarding Defendants' bona fide error defense. Dkt. 37 at 16. As discussed below, the Court resolves this motion on narrower grounds and does not reach the merits of Defendants' bona fide error argument, so Alarcon's need for discovery on that issue is moot. In any event, Alarcon has not satisfied Rule 56(d)'s requirement that he show, in affidavit form, the essential facts he hopes to elicit in discovery. *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). The Court finds it appropriate to proceed with the summary judgment analysis.

F.3d 1032, 1036 (9th Cir. 2003). But evidence that is not admissible and could not be presented at trial in admissible form is not enough to resist summary judgment. *See Orr*, 285 F.3d at 773.

The Court does not make credibility determinations or weigh conflicting evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Rather, the Court determines whether the record "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

Not all factual disputes will serve to forestall summary judgment; they must be both material and genuine. *Id.* at 247–49. Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Id.* at 248.

## **DISCUSSION**

1. **Standing**

As discussed in the order dismissing Alarcon's original complaint, the Court must first address the issue of standing. The Supreme Court's recent decision in *Spokeo* is clear that a plaintiff cannot satisfy Article III's standing requirement simply by pointing to defendant's violation of a statute. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1549 (2016) ("Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."). Instead, a plaintiff must show they have suffered both a statutory violation and some type of concrete harm. *Id.* This is not a high bar, but it's a bar nonetheless. While the Ninth Circuit has not yet addressed the application of *Spokeo* to FDCPA claims like those Alarcon is asserting, its sister circuits have. The Eleventh Circuit has held that receiving a debt collection letter that omits the required FDCPA disclosures is in itself a concrete harm that confers standing. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 994-95 (11th Cir. 2016). District courts within the Ninth Circuit have taken a similarly broad view of FDCPA standing. In *Horowitz v. GC Servs. Ltd. P'ship*, 2016 WL 7188238,

at *5 (S.D. Cal. 2016), for example, the court found that a Plaintiff alleging violations of the FDCPA had standing because he received a phone call he alleged violated the FDCPA, "spent time returning the phone call, and lost one of the available minutes on the phone plan the he exclusively paid for."

This background brings us to the question of whether the harm alleged here is sufficient to confer standing. The Court concludes it is. Alarcon alleges that Vital sent him one letter and also called him "on multiple occasions." FAC ¶ 35-36. He claims these communications violated the FDCPA because the underlying debt was extinguished in the 2010 state court judgment.[3] It is not obvious to the Court that receiving one letter could, by itself, confer standing. But Plaintiff also received multiple phone calls, and other courts have found the time it takes to answer and respond to phone calls sufficient to confer standing. *See, e.g., Horowitz*, 2016 WL 7188238. For this reason, the Court finds Alarcon has standing to bring this suit.

Although it does not change the outcome, the Court must also address Plaintiff's contention that Article III's standing requirements are satisfied because Plaintiff was forced to "hire an attorney and incur a debt to that attorney, causing pecuniary damages." Alarcon's Opposition, Dkt. 37 at 21; *see also* FAC ¶ 41 ("Plaintiff incurred a significant debt to this attorney in direct response to Vital's acts, and in an attempt to fend off this continued harassment."). While incurring this debt may be a harm, it is not the type of harm that could, by itself, provide standing. Such a holding would conflict with and undermine *Spokeo*'s holding that a bare procedural violation is insufficient to confer standing. If hiring an attorney and incurring legal debt were sufficient to confer standing, all procedural violations would confer standing so long as Plaintiff hired an attorney to attempt to make the violations stop. That's not the law. The concrete harm that confers standing must be a direct result of the defendant's statutory violation, not simply by plaintiff's chosen response to the harm.

---

[3] The Court accepts this allegation as true for the purposes of determining standing.

2. **Motion for Summary Judgment**

In order for a plaintiff to recover under the FDCPA, there are three threshold requirements: (1) the plaintiff must be a "consumer"; (2) the defendant must be a "debt collector"; and (3) the defendant must have committed some act or omission in violation of the FDCPA. *See Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009). Of these requirements, only the third is at issue here,[4] and the outcome turns on whether the state court judgment precludes non-judicial attempts to collect on the debt. This is because Alarcon's only alleged FDCPA and RFDCPA violation is that Defendants attempted to collect an extinguished debt. Thus, if the state court judgment did not extinguish the debt, then defendants have not violated the statutes by attempting to collect the debt through non-judicial means.

The parties agree that Beneficial's initial attempts to enforce the debt through judicial means failed, and that the state court entered judgment in favor of Alarcon. *See* Joint Statement, Dkt. 24 ¶ 6. The basis of that ruling appears to be evidentiary, not substantive. Beneficial, the plaintiff in that suit, submitted a declaration in lieu of personal testimony, and the judge found the declaration insufficient to support a finding that Alarcon, the defendant, defaulted on the loan:

> "I looked at the declaration of the Plaintiff in lieu of the personal testimony, and I believe that the Plaintiff failed to meet its burden in this case. . . . And part of the problem, so that I could just tell you where my concern was, there was insufficient evidence by way of this declaration. In looking at Exhibit B, by way of example, I understand that the person who submitted the declaration is the custodian, but she certainly did not explain how Exhibit B was generated, and it really did not establish the default. I don't know how she came up with the numbers. For me to sit down and try to interpret Exhibit B was virtually impossible, and there was nothing in the declaration that helped me. So the Plaintiff has failed to meet the burden, so I find in favor of the Defendant. Please prepare the judgment." *See* Dkt. 23, Ex. 3.

---

[4] Galaxy also claims it is not a "debt collector," but it is unnecessary for the Court to reach this question.

1  The question presented in this case is whether that ruling in favor of Alarcon in state court bars Defendants' subsequent non-judicial attempts to collect on the debt, and, if it does, whether such attempts would violate the FDCPA. The Court is not aware of any Ninth Circuit authority on the question, but Galaxy points to an instructive case from the Eastern District of Virginia, *Wynne v. I.C. Sys., Inc.*, 124 F. Supp. 3d 734 (E.D. Va. 2015). In that case, the plaintiff, Wynne, incurred a debt to the defendants related to an overdrawn checking account. When Wynne defaulted on that debt, the defendants sued her in Virginia state court. The state court ultimately ruled in favor of Wynne, although it's unclear on what grounds. Defendants then attempted to collect the debt through non-judicial means. Wynne sued in federal court, alleging that these attempts to collect the debt were barred by the state court judgment and constituted violations of the FDCPA. The district court disagreed and dismissed the suit. One of the reasons for the dismissal was a finding that although collection was precluded through the judicial process, it may still be legally permitted through non-judicial means. *Id.* at 742.

Alarcon pushes back on the holding of the *Wynne* case, noting that California's standards for extinguishment are different than those in Virginia and would preclude subsequent attempts to collect on a debt reduced to judgment. California has adopted the definition of "bar" set out in the Restatement of Judgments. *See, e.g., Ferraro v. Camarlinghi*, 161 Cal. App. 4th 509, 531 (Cal. Ct. App. 2008). The rule of bar provides that "[i]f the judgment is in favor of the defendant, the claim is extinguished and the judgment bars a subsequent action on that claim." Restatement (Second) of Judgments § 17 (1982). In Alarcon's view, the term "claim" is broader than (and subsumes) the term "debt," and that, accordingly, Defendants are "barred'" from attempting to collect on this debt. This argument proves too much. The Restatement of Judgments provides that an underlying judgment bars a subsequent "*action*" on that claim. The term "action," by its very definition, refers to a legal proceeding. *See* Cal. Civ. Proc. Code § 22 ("An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or

the punishment of a public offense."). There is little doubt the state court judgment would preclude a subsequent *legal proceeding* to collect on the debt, but it does not follow that it also precludes Defendants from attempting to collect that debt through non-judicial means. Alarcon cannot state a cognizable FDCPA or RFDCPA[5] claim based on Defendants' attempts to collect the debt through non-judicial means, absent some other statutory violation. The Defendants are entitled to summary judgment.

### 3. **Bad Faith**

Defendants urge the Court to find that this suit was brought in bad faith, which would allow them to recover attorneys' fees under the FDCPA and RFDCPA. *See* 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c). In support of this argument, Defendants point out that Plaintiff has filed four separate federal lawsuits against various defendants involving the same underlying debt, and that each of these complaints were essentially boilerplate copies of one another. Alarcon's counsel argues that a FDCPA plaintiff can only recover statutory damages once in each action, and thus suing all defendants in a single action would result in a smaller award for his client and might even constitute malpractice. The Court shares Defendants' concerns about claim splitting and the administrative burden that four separate lawsuits places on both litigants and the judicial system. At this time, however, the Court cannot conclude the suit was brought in bad faith, so Defendants' request for a bad faith determination is **DENIED.**

## **CONCLUSION**

For these reasons, the Court finds that, as a matter of law, Defendants' communications with Plaintiff did not violate the FDCPA or RFDCPA.[6] Defendants'

---

[5] The RFDCPA claim necessarily fails if the FDCPA claim does. *See, e.g., Fleming v. Gordon & Wong Law Group, P.C.*, 723 F.Supp.2d 1219, 1224 n. 9 (N.D. Cal. 2010) ("The RFDCPA establishes liability under California law for violations of the FDCPA. Cal. Civ. Code § 1788.17. Thus, FDCPA and RFDCPA claims require identical analysis.").

[6] Given this finding, the Court does not reach Defendants' other arguments regarding bona fide error, whether Galaxy was a "debt collector," and whether Defendants were released by virtue of a previous settlement.

Motion for Summary Judgment is **GRANTED**. Dkt. 36. The clerk is directed to enter judgment in favor of the Defendants and close the case.

    **IT IS SO ORDERED**.

Dated: November 29, 2018

                                                            */s/ Larry A. Burns*
                                               **HONORABLE LARRY ALAN BURNS**
                                               United States District Judge