Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA  92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
Email: 1sgrecordon@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Christopher Alarcon | Case No. 15-cv-00992 LAB (KSC) |
|---|---|
| Plaintiff, | **Memorandum of Points and Authorities in Support of Plaintiff's Motion for Reconsideration** |
| v. | |
| Vital Recovery Services, Inc and Galaxy Asset Purchasing, LLC, | JUDGE: Hon. Larry A. Burns |
| | Date: February 11, 2019 |
| Defendants. | Time: 11:30 A.M. |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**TABLE OF CONTENTS**

I.   Introduction ……………………………………………………………. 1

II.  Standard of Review …………………………………………………….. 2

III. Argument ……………………………………………………………… 2

    A.   In California, state court judgments extinguish the debts sued upon ………………………………………….. 2

    B.   The FDCPA and the Rosenthal Act prohibit collection of extinguished debts, and of debts not owed generally ………… 8

IV.  Conclusion …………………………………………………………….. 14

# TABLE OF AUTHORITIES

*21X Capital Ltd. v. Werra*
    418 Fed. Appx 605, 2011 U.S. App. LEXIS 4344 (9th Cir, 2011) ………..... 7

*Aybar v. Crispin-Reyes*
    118 F 3d 10 (1st Cir. 1997) …………………………………….………….. 2

*Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*
    248 F.3d 892 (9th Cir. 2001) …………………………………….………… 2

*California v. ARC America Corp*
    490 U.S. 93 (1989) …………………………………………………….…… 4

*Chelios v. Kaye*
    219 Cal. App. 3d 75 (1990) ……………………………………………... 5, 6, 7

*Coughlin v. Blair*
    41 Cal 2d 587 (1953) …………………………………………………….… 4

*Demarais v. Gurstel Chargo, P.A.*
    869 F. 3d685 (8th Cir. 2017) ……………………………………………… 10, 11, 12

*Diamond Heights Village Assoc v. Fin. Freedom Senior Funding Corp*
    196 Cal App 4th 290 (2011) …………………………………………..…… 4

*Diaz v. G. Reynold Sims & Associates, P.C.*
    Case No. 10-13419, 2011 U.S. Dist. LEXIS 335 ………………………. 12, 13

*Dubios v. Atlas Acquisition, LLC*
    834 F 3d 522 (4th Cir. 2016) ……………………………………………… 12

*Fetters v. Paragon Way, Inc.*
    Case No 10-00904, 2010 LEXIS 13277 ………………………………..… 13

*Gray1 CPB, LLC v. SCC Acquisitions, Inc.*
    233 Cal. App. 4th 882 (2015) ……………………………………………… 5

*Ho v. ReconTrust Company, NA*
    858 F 3d 568 (9th Cir 2016) ……………………………………………... 8, 9

*Huertas v. Galaxy Asset Management*
  Case No. 09-2604, 2010 US Dist LEXIS 21325 (D.N.J. March 9, 2010) ….. 12
*In re Cement and Concrete Antitrust Litigation*
  817 F.2d 1435 (9th Cir 1987) …………………………………...…….. 3
*Janetos v. Fulton, Friedman & Gullace, LLP*
  Case No. 12-c-1473, 2013 U.S. Dist LEXIS 29655 …………….....………. 7
*Klewer v. Cavalry Investments, LLC*.
  No. 01-C-541-S, 2002 U.S. Dist LEXIS 1778 …………………….....… 11, 12
*Kona Enterprises, Inc. v. Estate of Bishop*
  229 F 3d 877 (9th Cir. 2000) ……………………………………....…… 2
*Martel v. LVNV Funding, LLC*
  59 B.R. 192 (Bankr. D. Maine, Oct. 13, 2015) ………………………...…. 12
*Moro v. Shell Oil Co*.
  91 F.3d 872 (7th Cir. 1996) …………………………………………… 2, 14
*Nordeen v. Taylor, Bean & Whitaker Mortgage Co.*
  489 B.R. 203 (D. Nev. 2013) …………………………………………..… 10
*O'Neil v. General Security Corp*
  4 Cal App 4th 587 (1992) ……………………………………………….. 4
*Oto v. Metropolitan Life Ins. Co.*
  224 F.3d 601 (7th Cir. 2000) ……………………………………...…….. 2
*Savage v. Brill*
   2015 Bankr. LEXIS 1732 (May 20, 2015, BAP 9th Cir.) ……....……..….. 7
*School Dist No. 1J v. AC&S, Inc*.
  5 F.3d 1255 (9th Cir. 1993) …………………………………………..…… 2
*Tomaselli v. Transamerica Ins. Co.*
  25 Cal. App. 4th 1766 (1994) ……………………………………………… 5
*Vincent v. Grayson*
  30 Cal. App. 3d 899 (1973) ……………………………………………..… 6

*Whitehead v. Ocwen Financial Corp.*
    Case No. 16-cv-536-GKF-FHM, 2017 U.S. Dist LEXIS 16185 …………….. 9

*Wynne v. I.C. Systems*
    124 F. Supp. 3d 734 (E.D. Va. July 23, 2015) …..……………………....…..7, 8

*Zastrow v. Zastrow*
    61 Cal. App. 3d 710 (1976) ……………………………………………….. 5

## I. Introduction

Plaintiff's principal claim is that Vital Recovery Services, Inc, on behalf of Galaxy Asset Purchasing, LLC, attempted to collect a debt that was not owed because the debt had been extinguished by a state court judgment in Plaintiff's favor. This attempted collection of a debt not owed is an established violation of the FDCPA and by extension California's Rosenthal Act under Civil Code §1788.17.

On November 30, 2018, this Court [Docket No. 40] recognized that whether the debt was extinguished was central to determining whether Defendants violated the FDCPA. The Court ruled that Defendants could not file a new lawsuit against Plaintiff but that they were free to collect a debt from him because the Restatement (Second) of Judgments §17 provides that "the judgment bars a subsequent action on that claim" and Defendants did not sue Plaintiff.  The Court did not state whether the state court judgment extinguished the debt at issue or whether the Court simply believed that collecting extinguished debts does not violate the FDCPA as long as collectors do not file lawsuits regarding those extinguished debts.

However, under established and binding California law, the state court judgment rendered for Plaintiff extinguished all of the contractual rights and claims at issue, including the claims of money due, and not merely further legal remedies flowing from filing a subsequent collection suit. As a result of this substantive rule of state law, the FDCPA absolutely prohibits as a matter of federal law any attempt to collect such "debts" not owed, whether extinguished by a state court judgment or otherwise.  An unbroken line of California appellate decisions cited below establishes that the entry of the judgment in the collection suit for Plaintiff extinguished all contractual rights that might support the collection of the debt here. And the entire body of federal jurisprudence, from both Circuit and District Courts, holds that the attempt to collect such an extinguished debt violates the FDCPA.  The Court's contrary ruling constitutes a manifest error of law warranting reconsideration.

II.  **Standard of Review**

A motion styled as one of reconsideration, if timely filed, is treated as a motion to alter or amend the judgment under Rule 59(e).  *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).  Relief pursuant to a Rule 59(e) motion is appropriate where "the district court…committed clear error or the initial decision was manifestly unjust."  *School Dist No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); see also *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F 3d 877, 890 (9th Cir. 2000).  "Rule 59(e) allows a party to direct the district court's attention to…a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co*., 91 F.3d 872, 876 (7th Cir. 1996); *see also Aybar v. Crispin-Reyes*, 118 F 3d 10, 16 (1st Cir. 1997) (same). A manifest error of law "is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Plaintiff's position is that the court committed a clear or manifest error of law in failing to apply the unanimous judgment of every relevant precedent and all authorities that a duly rendered judgment for a debtor in a collection case extinguishes the obligation and renders it a nullity and that further collection efforts by a subsequent debt collector, as occurred here, violate multiple provisions of the FDCPA, in particular and at a minimum § 1692e(2)(A) by misrepresenting the legal status of the debt and § 1692f(1) by attempting to collect a debt that did not exist as a matter of law.

III.  **Argument**

A.  **In California, state court judgments extinguish the debts sued upon**

As this Court noted in the November 29, 2018 order, "The rule of bar provides that '[i]f the judgment is in favor of the defendant, the claim is extinguished and the judgment bars a subsequent action on that claim. "*Restatement (Second) of Judgments § 17* (1982)."  This rule does not simply state that a

subsequent action is barred, as agreed by this Court. It also unambiguously states that "the claim is extinguished," *the same language as used for the doctrine of merger in §18.*

In its order, this Court seemed troubled by the notion that the term "claim" includes the narrower term "debt." This term is defined at Restatement (Second) of Judgments §24:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

The term "claim" includes *all* rights of the plaintiff to remedies, with respect to *all or any part of the transaction* out of which the action arose. A debt is a right to payment. That right arose in this case from a transaction, a specific contract. If there is any doubt on this issue, we can look to case law for merger or bar.

*Extinguishment of claims is identical under merger and bar*

As precisely the same language -- "the claim is extinguished" -- is used in Restatement (Second) of Judgments §§17 and 18, there is no doubt that a "claim" under the doctrine of merger, addressed in §18, is a "claim" under §17. This is also made clear by §24 treats, which extinguishment of a claim under either doctrine as an identical event: "When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar…."

Moreover, the Ninth Circuit does not distinguish between extinguishment under merger or bar: see *In re Cement and Concrete Antitrust Litigation,* 817 F.2d 1435, 1446 (9th Cir 1987) (noting that under the Restatement "the doctrines of merger and bar extinguish 'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose'") (reversed on other grounds by

*California v. ARC America Corp*, 490 U.S. 93 (1989).

Since the doctrine of "merger" extinguishes debts, then there is no doubt that the doctrine of "bar" does the same: the Restatement and the Ninth Circuit treat these doctrines as extinguishing the same claims.

***Merger, like bar, extinguishes the underlying rights of the creditor, and not merely the remedy and the right to sue***

California law clearly provides that merger extinguishes the contractual rights at issue, and not merely the right to sue:

> In other words, the personal judgment **extinguishes the contractual rights** and remedies previously extant, substituting in their place only such rights as attach to a judgment.

*O'Neil v. General Security Corp*, 4 Cal App 4th 587, 602 (1992) (citations omitted, emphasis added).

> A judgment for the plaintiff in such an action **absolves the defendant from any duty, continuing or otherwise, to perform the contract**. (*Noble v. Tweedy*, 90 Cal.App.2d 738, 744 [203 P.2d 778].) The judgment for damages is substituted for the wrongdoer's duty to perform the contract. (*Rest., Contracts*, § 313, com. c; *South Memphis Land Co. v. McLean Hardwood Lbr. Co.*, 179 F. 417, 426 [102 C.C.A. 563].)

*Coughlin v. Blair* 41 Cal 2d 587, 597 (1953) (emphasis added).

> In other words, **the … judgment extinguishes the contractual rights and remedies previously extant**, substituting in their place *only such rights as attach to a judgment*."

*Diamond Heights Village Assoc v Fin. Freedom Senior Funding Corp* 196 Cal App 4th 290, 301-02 (2011) (emphasis added).

> When a party recovers a judgment for breach of contract, **entry of the judgment absolves the defendant of any further contractual obligations**, and the judgment for damages replaces the defendant's duty to perform the contract. Upon entry of judgment, all further

contractual rights are extinguished, and the plaintiff's rights are thereafter governed by the rights on the judgment, not by any rights which might have been held to have arisen from the contract.

*Tomaselli v. Transamerica Ins. Co.,* 25 Cal. App. 4th 1766, 1770 (1994) (citations omitted, emphasis added).

> Merger, then, replaces the obligations of the contract with those of the decree. To speak of the rescission of a contract which has been superseded by a judicial decree poses a contradiction in terms. "A contract is extinguished by its rescission." (Civ. Code, § 1688.) **If, as the merger doctrine declares, the injured party may no longer seek enforcement of the contract and is relegated to enforcement of the decree, the merger itself has extinguished the contract's obligations**. The extinguished contract is then invulnerable to further extinction.

*Zastrow v. Zastrow,* 61 Cal. App. 3d 710, 714 (1976) (emphasis added).

> When, as here, a lawsuit **on a contractual claim** has been reduced to a final, nonappealable judgment, **all of the prior contractual rights are merged into and extinguished by the monetary judgment**, and thereafter the prevailing party has *only* those rights as are set forth in the judgment itself.

*Chelios v. Kaye,* 219 Cal. App. 3d 75, 80 (1990) (specific holding on attorney's fees superseded by statute) (emphasis added).

> In response to the *Chelios* decision, the Legislature amended section 685.040, part of the Enforcement of Judgments Law (§ 680.010 et seq.), in 1992. (*Chinese Yellow Pages Co. v. Chinese Overseas Marketing Service Corp.* (2008) 170 Cal.App.4th 868, 880 [88 Cal. Rptr. 3d 250]; see Stats. 1992, ch. 1348, § 3, p. 6707.) **The amendment did not abrogate Chelios's holding that contractual rights merge into the judgment.**

*Gray1 CPB, LLC v. SCC Acquisitions, Inc.*, 233 Cal. App. 4th 882, 890 (2015) (emphasis added).

Recovery of a judgment for a total breach **ends the obligation of both parties to perform the contract**.

*Vincent v. Grayson,* 30 Cal. App. 3d 899, 911 (1973) (emphasis added).

There can be no doubt that under merger, any debt arising from a contract is extinguished, as the contract is extinguished. It is not simply the case that the plaintiff cannot file a second lawsuit: *there are no contractual duties left to be reduced to judgment.* With no contractual duties left, there is no duty to pay, and no debt. This is true for merger, and as both bar and merger extinguish the same claims, it is true for the doctrine of bar.

On at least two occasions, the Ninth Circuit has stated that a contract was extinguished after a judgment was entered for the *defendant*. The Ninth Circuit Bankruptcy Panel held in an unpublished decision that California's merger doctrine applied to a federal claim for non-dischargeability, in which the debtor, and not the creditor, was the prevailing party:

> Putting *Reynolds* aside, **debtor's entitlement to recover fees under the contract would exist purely by virtue of the mutuality provisions under CC § 1717** ; that is, he would be entitled to recover fees against Brill only because Brill would have been entitled to recover fees against him had Brill succeeded in the adversary proceeding. **Under California's merger doctrine, the entry of the judgment extinguished all contractual rights Brill had under the terms of the contract** between CDC and Brill, including the right to attorneys' fees. *Hambrose Reserve, Ltd v. Faitz*, 9 Cal.App.4th 129, 11 Cal. Rptr. 2d 638 (Cal. Ct. App. 1992) ("Once there is a judgment, contractual rights are merged into and extinguished by the terms of the judgment. At that point there is no subsisting contractual attorney fee provision on which [CC] section 1717 may operate."); *Chelios v. Kaye,* 219 Cal.App.3d 75, 80, 268 Cal. Rptr. 38 (Cal. Ct. App. 1990) ("When . . . a lawsuit on a contractual claim has been reduced to a final, nonappealable judgment, all of the prior contractual rights are merged into and extinguished by the monetary judgment, and thereafter the prevailing party has **only** those rights as set forth in the judgment

itself." (Emphasis added). Accordingly, because the contract was extinguished, Brill could not have invoked the contractual fee clause to recover his fees in this adversary proceeding under either the § 523 or the § 727 claims.

*Savage v. Brill (In re Savage),* 2015 Bankr. LEXIS 1732 *13 (May 20, 2015, BAP 9th Cir.) (emphasis added).

*Savage v. Brill* naturally is in concert with California law: no matter which side wins, and whether called merger or bar, any contract and all contractual rights are extinguished by a California state court judgment. *See also 21X Capital Ltd. v. Werra*, 418 Fed. Appx 605, 2011 U.S. App. LEXIS 4344 (9th Cir March 4, 2011), applying the rule under *Chelios* that the underlying contract is extinguished *when judgment is for the state court defendant*.

Outside California, *Janetos v. Fulton, Friedman & Gullace, LLP,* stated the same rule: "In her case, while Asset Acceptance was initially attempting to collect the purported debt, **Janetos prevailed at trial and obtained a judgment extinguishing the debt.** Nonetheless, for one reason or another, Asset Acceptance sent her account to FF&G for further collection efforts. The Court assumes that this was some sort of mistake…" *Janetos v. Fulton, Friedman & Gullace, LLP*, Case No. 12-c-1473, 2013 U.S. Dist LEXIS 29655, 2013 WL 791325 at *15 (N.D. Ill., March 4, 2013) (*emphasis added*) (reversed on other grounds *Janetos v. Fulton, Friedman & Gullace, LLP,* 825 F. 3d 317 (7th Cir. 2016).

The case relied upon by this Court in its November 30, 2018 Order, *Wynne v. I.C. Systems*, 124 F. Supp. 3d 734 (E.D. Va. 2015), does not address or contradict whether state court judgments in California, or anywhere, extinguish the contracts or debts at issue in those judgments. Rather, the *Wynne* court simply identified a myriad of pleading deficiencies, including the plaintiff's failure to state facts or arguments on this issue: "She does not allege why collection of the debt, though not available through judicial process, was not legally permitted via non-judicial

means." *Id.* at 742. The *Wynne* court accordingly and merely dismissed the complaint with leave to amend. *Id.* at 745.

There is no basis in *Wynne* for disregarding the plain language of established California law, including the Restatement (Second) of Judgment: *Wynne* does not address this rule, nor make any finding that would form a basis for ignoring or overturning this rule. *Wynne* merely found that a Plaintiff failed to sufficiently make allegations regarding the effect of a state court judgment. Plaintiff here has alleged that the state court judgment extinguished the debt at issue, so the *Wynne* opinion has no bearing.

Binding authority holds that California state court judgments extinguish all claims, all contractual rights, and all debts at issue in the adjudicated state court cases. To the degree that this Court's November 30, 2018 Order is predicated on a finding that the state court judgment in Plaintiff Alarcon's favor did not extinguish the contract or debt at issue in the state court action, that finding is clear and manifest legal error, and Plaintiff respectfully requests that this Court reconsider and reverse this ruling.

**B.    The FDCPA and the Rosenthal Act prohibit collection of extinguished debts, and of debts not owed generally**

*When a debt is extinguished, there is no debt left to collect*

Courts have found in a variety of contexts that debts extinguished no longer are owed or exist.

*Foreclosure*

In *Ho v. ReconTrust Company, NA*, the Ninth Circuit recognized that when a debt is extinguished, it is no longer owed, and therefore there is no debt left to collect.

> California law does not allow for a deficiency judgment following non-judicial foreclosure. **This means that the foreclosure extinguishes the entire debt** even if it results in a recovery of less than the amount of the debt. Cal. Civ. Code § 580d(a); *see Burnett* v. *Mortg. Elec.*

> *Registration Sys., Inc.,* 706 F.3d 1231, 1239 (10th Cir. 2013) ("[A] non-judicial foreclosure does not result in a mortgagor's obligation to *pay money* — it merely results in the sale of property subject to a deed of trust."); *Alaska Tr., LLC v. Ambridge*, 372 P.3d 207, 228 (Alaska 2016) (Winfree, J., dissenting) (noting that non-judicial foreclosure "does not in and of itself collect a debt, but rather calls for the vesting and divesting of title to real property according to the parties' prior agreement" (internal quotation marks omitted)). Thus, actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect "debt" as that term is defined by the FDCPA.

*Ho v. ReconTrust Company, NA,* 858 F 3d 568, 571-72 (9th Cir 2016).

In *Whitehead v. Ocwen Financial Corp.*, the federal district court held that the Plaintiff stated a claim for abuse of process where a former creditor attempted to revive an extinguished debt by vacating the state foreclosure judgment that extinguished the debt:

> The Whiteheads state a valid claim here. "Abuse of process occurs when legal process is used . . . to accomplish an end not lawfully obtainable, or to compel someone to do some collateral thing he could not be legally compelled to do." *See Houghton v. Foremost Fin. Servs. Corp., 724 F.2d 112, 116 (10th Cir. 1983).* As alleged, defendants vacated the 2010 foreclosure judgment in order to revive a previously discharged debt. **In other words, the Amended Complaint argues that defendants employed legal process—a vacatur action—to compel the Whiteheads to do something they were under no legal obligation to do—repay an extinguished debt.** [Doc. No. 28, p. 6, ¶ 39]. Accordingly, the Whiteheads' abuse of process claim survives *Rule 12(b)(6).*

*Whitehead v. Ocwen Financial Corp.,* Case No. 16-cv-536-GKF-FHM, 2017 U.S. Dist LEXIS 16185, 2017 WL 489418 at *11 (N.D. Okla., Feb 6, 2017) (emphasis added).

/ / /

/ / /

*Debt forgiveness*

And in *Nordeen v. Taylor, Bean & Whitaker Mortgage Co.*, the court found that if a debt is forgiven it is extinguished and "no party could ever again attempt to collect on the note":

> Here, Appellants do not simply demand to be shown proof of their debt to a particular party, they specifically allege that the lender, TBW, forgave the remaining principal balance of $138,701.63 on July 15, 2009 before the loan was purportedly transferred to Ocwen, **which if true would have extinguished both the note and the security interest such that no party could ever again attempt to collect on the note** or foreclose the deed of trust.

*Nordeen v. Taylor, Bean & Whitaker Mortgage Co.,* 489 B.R. 203, 206 (D. Nev. 2013) (emphasis added).

**The FDCPA prohibits collection of extinguished debts, as there is no debt left, and no amount is owed**

As extinguished debts no longer exist, no amount is owed and there is nothing left to collect, rendering any attempt to collect a violation of the FDCPA. In *Demarais v. Gurstel Chargo, P.A.*, 869 F. 3d 685 (8th Cir. 2017), the Eighth Circuit held that an allegation of an attempt to collect an extinguished debt stated a claim for a violation of the FDCPA. The consumer in *Demarais* alleged that a law firm, Gurstel Chargo, sued him in a Minnesota state court and subsequently dismissed that suit with prejudice. Gurstel Chargo then sent a letter and further discovery requests to the consumer. The consumer sued, alleging that the letter and discovery requests violated the FDCPA, in particular 15 U.S.C. 1692f(1), because the dismissal with prejudice extinguished the debt at issue: "According to Demarais, this conduct violated § 1692f(1) because it was an attempt to collect a debt that was extinguished after Gurstel Chargo dismissed its state-court complaint with prejudice." *Id.* at 691.

/ / /

The Eighth Circuit agreed and held that a "debt collector violates § 1692f(1) when it sends a letter attempting to collect money not permitted by law" (*id.*) and further held that "[a]ssuming materiality is required, an attempt to collect a debt not owed is a material violation of § 1692f(1)." *Id.* at 699. In other words, in a published decision, the Eighth Circuit has held that an attempt to collect a debt that has been dismissed with prejudice states a claim under the FDCPA because that debt is extinguished *and therefore not owed*. Clearly here, where Plaintiff's debt was extinguished under California law by a state court judgment after a full trial, Defendants' repeated attempts to collect an extinguished debt violate the FDCPA in the same manner. This Court's earlier ruling cannot be reconciled with the teaching of the Eighth Circuit in *Demarais*.

Courts have also found that collection of extinguished debts violates the FDCPA in other contexts.

*Statute of limitations*

For example, in certain states, the statute of limitations extinguishes the debt at issue and not merely the remedy. In a state where the claim is extinguished, the *Klewer* court found that a debt collector may not continue collecting any debt, by any means:

> The Court agrees with plaintiff that Wisconsin's statute of limitations effectively extinguishes a debt and renders it nil….**When the right is extinguished a creditor may no longer claim the money is owed. Accordingly, defendant has violated § 1692e(2)(A) insofar as its letter has misrepresented the legal status of plaintiff's debt.**

*Klewer v. Cavalry Investments, LLC*., No. 01-C-541-S, 2002 U.S. Dist LEXIS 1778, 2002 WL 2018830, at *3 (W.D. Wis. Jan. 30, 2002) (emphasis added).

The *Klewer* Court made no exception for "non-judicial" collection: extinguished debts cannot be collected as *they are no longer owed*.

Courts that have allowed continued non-judicial collection of time barred debts have done so precisely because in those states, the debt is not extinguished but

only the remedy, precisely the opposite of the effect under California law of the judgment for Plaintiff here in the underlying collection suit:

> We conclude that filing a proof of claim in a Chapter 13 bankruptcy based on a debt that is time-barred does not violate the FDCPA **when the statute of limitations does not extinguish the debt**.

*Dubios v. Atlas Acquisition, LLC,* 834 F 3d 522, 533 (4th Cir. 2016) (emphasis added).

> **Because the debt is not extinguished by operation of the statute of limitations**, the debt-collector defendants' attempts to collect the debt do not constitute a false representation.

*Huertas v. Galaxy Asset Management*, Case No. 09-2604, 2010 US Dist LEXIS 21325, 2010 WL 936450 at *13 (D.N.J. March 9, 2010) (emphasis added).

> The fact that the debts were subject to the affirmative defense of the statute of limitation does not make filing the proofs of claim violative of the FDCPA, the Maine FDCPA or the Code. **Statutes of limitation do not extinguish debts,** but bar actions to collect once raised.

*Martel v. LVNV Funding, LLC,* 59 B.R. 192, 197 (Bankr. D. Maine, Oct. 13, 2015) (emphasis added).

Where debts *are* extinguished, as here, the FDCPA prohibits their collection by any means as they are no longer owed, as established under *Demarais* and *Klewer*.

*Settlement*

In the context of a debt extinguished by settlement, the *Diaz* court found that allegations of continued collection of a debt already extinguished by settlement stated a claim under the FDCPA. The issue in *Diaz* was whether extinguished debts were subject to the FDCPA:

> The issue here is whether the FDCPA also applies when a debt has been legally extinguished, but a defendant, erroneously or otherwise, still allegedly attempts to collect on the debt.

*Diaz v. G. Reynold Sims & Associates, P.C*. Case No. 10-13419, 2011 U.S. Dist. LEXIS 335, 2011 WL 17620 at *12 (E.D. Mich., Jan 4, 2011)

The *Diaz* Court then adopted the reasoning of a Maryland FDCPA case, *Fetters*, finding that:

> The *Fetters* court held that where a plaintiff alleges that a defendant continued to act in such a manner, **even after a debt had been legally extinguished and the consumer had no further financial obligation to the defendant, the *FDCPA* applies**.…The reasoning of *Fetters* is persuasive.

*Id.* at *16-17, citing *Fetters v. Paragon Way, Inc.,* Case No 10-00904, 2010 LEXIS 132773, 2010 WL 517989 (M.D. Pa., Dec 15, 2010).

While the legal issue before the *Diaz* Court was the breadth of FDCPA coverage, the court's findings are directly on point: consumers have no obligation to pay extinguished debts, and the FDCPA covers any attempt to collect those now extinguished claims.

All authorities hold that the FDCPA will not permit collection of extinguished debts as they are not owed: there is no debt left to collect.  As the Rosenthal Act incorporates the portions of the FDCPA at issue here, as Civil Code §1788.17, misconduct that violates the FDCPA violates the Rosenthal Act as well.  To the degree that this Court's November 30, 2018, Order is predicated on a finding that the FDCPA and the Rosenthal Act allow for collection of extinguished debts by non-judicial means, that finding is clear and manifest legal error, and Plaintiff respectfully requests that this Court reconsider and reverse this finding.

/ / /

/ / /

## IV. Conclusion

As noted above, "Rule 59(e) allows a party to direct the district court's attention to…a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Plaintiff's hope is that the Court take the opportunity to review, and at the very least clarify the November 30, 2018 Order, in order to reduce the burden on the appellate court of any appeal, or perhaps avoid the need for any such proceedings. Plaintiff is aware that Rule 59(e) motions are only granted in rare circumstances, but the law on this point is so clear in this instance to qualify even under this standard.

Respectfully submitted,

Date: December 26, 2018

/s/ Stephen G. Recordon
STEPHEN G. RECORDON
Attorney for Plaintiff